UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IMAM SAABIR ABDULLAH A/K/A BOBBY LEE WEBBER,<br>    Plaintiff,<br><br>-v-<br><br>ISLAMIC CENTER, ET AL.,<br>    Defendants.<br>_____ | No. 1:16-cv-1122<br><br>HONORABLE PAUL L. MALONEY |

## ORDER

In September 2016, Mr. Abdullah filed a complaint that contains the following text:

Assault and Violation of Freedom of Speech and Shariah Law Crimes. . . . Arrest—I serve. Today. Federal [h]uman rights violation guidelines [sic], all properties and persons owned and operated by each entity, coorperation [sic], person or [c]itizen of THE UNITED STATES OF AMERICA BE transfered [sic] to IMAM SAABIR ABDULLAH and UMMAH (The ABDULLAH NATION) [i]mmediately.

(ECF No. 1 at PageID.2.)

Mr. Abdullah also filed an application to proceed *in forma pauperis* because he baldly stated that while "The Abdullah Nation" relies on him for support, he had zero income, zero employment, zero assets, and no legal residence, among other omissions; he further asserted that he has spent or is willing to spend $1,000,000.00 for attorney fees in conjunction with this lawsuit. (ECF No. 2 at PageID.10.) In an abundance of caution, the Magistrate Judge granted Mr. Abdullah *in forma pauperis* status. (ECF No. 4.) *But cf.* 28 U.S.C. § 1915(e)(2)(A) ("[T]he court shall dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue[.]").

Federal law provides that the Court "shall" dismiss any case brought by a plaintiff proceeding pro se and *informa pauperis* if, for example, "the action . . . is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) ("The language of § 1915(e)(2) does not differentiate between cases filed by prisoners and cases filed by non-prisoners. . . . If the complaint falls within the requirements of § 1915(e)(2) when filed, it must be dismissed.").

Needless to say, the complaint (at best) fails to state a claim upon which relief could be granted and (at worst) is patently frivolous.

A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must "plead . . . factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court is unable to discern any cognizable claim against any party in this complaint. Sharia Law does not apply in federal courts, and Mr. Abdullah has not plead a single fact to support a claim for relief under the First Amendment, Eighth Amendment, or state tort law. The complaint is unreservedly incoherent.

The Court must also consider whether Mr. Abdullah should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Ordinarily, if a party is permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal in the same fashion without further authorization. *See* Fed. R. App. P. 24(a)(3). However, a party may not do so if "the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . . ." Fed. R. App. P. 24(a)(3)(A). Any appeal asserting that this complaint contains a cognizable claim would be frivolous.

**Accordingly, the Court CERTIFIES that any appeal would not be taken in good faith.** *See id.*; *see also Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999) (citing Fed. R. App. P. 24(a)). If Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and a supporting affidavit in the Sixth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Date:  September 23, 2016                              /s/ Paul L. Maloney
                                                      Paul L. Maloney
                                                      United States District Judge